[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13460
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-02355CV-VEH

MICHAEL GIBSON,

Plaintiff-Appellant,

versus

CITY OF GADSDEN, ALABAMA,
a municipal corporation,
CIVIL SERVICE BOARD OF THE CITY OF
GADSDEN, THE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 6, 2010)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Michael Gibson appeals the district court's grant of summary judgment in favor of the City of Gadsden, Alabama, the city's Civil Service Board, and Steven C. Carroll, Chief of the city's fire department. The summary judgment resulted in the dismissal of Gibson's equal protection and due process claims, which he based on Appellees' allegedly discriminatory employment practices. Gibson asserts the district court erred in ruling (1) his equal protection claim was precluded by his failure to present any similarly situated comparators; (2) his substantive due process claim failed because he did not demonstrate interference with any cognizable fundamental right; and (3) his procedural due process claim failed because Gibson had no affected property interest. We address each of his claims in turn and affirm.

I.

Gibson is an African American firefighter who has been employed by the City of Gadsden's fire department for seventeen years. Employees hold one of six ranks in the fire department. In ascending order, the ranks are Firefighter I, Firefighter II, Driver, Commander, Assistant Chief, and Chief. Gibson has been ranked Firefighter I for the duration of his employment.

The fire department has a policy under which an employee may "step up" to serve in an "acting" capacity of a higher ranking employee who is unavailable for

2

a given shift.  Either a Firefighter I or a Firefighter II may serve as an acting

Driver and will earn a corresponding adjustment in pay for his Driver shift.  If the

absence of the higher ranking official exceeds five shifts, however, the

department's policy requires that only employees with the qualifications necessary

for promotion to the higher-ranking position be allowed to "step up." To be

eligible for a promotion to the official position of Driver, whose regular duties

include driving fire trucks, an employee must pass both the Firefighter II

certification course and the Apparatus Operator (AO) course.  Until 2005, Gibson,

who lacked either certification, often served in the role of acting Driver for periods

of up to five shifts.

In 2005, Gibson was informed that all persons serving as acting Drivers,

even those serving in the position for a term of five shifts or fewer, would be

required to have AO certification.  This policy was based on the fire department's

liability concerns.  Several firefighters who had been serving as short-term acting

Drivers without the AO certification, including Gibson, were sent to AO training.

Of those sent to the training, only Gibson failed the course.  Gibson was then

offered an opportunity to retake the course, but instead chose to take the

Firefighter II certification course, which he also failed.  He did not elect to re-take

either course after failing.  Gibson had been allowed to continue serving as an

acting Driver while attempting to become AO certified. After Gibson's failure to become certified, the department no longer allowed Gibson to drive fire trucks. Gibson then sued, claiming the refusal to allow him to continue to "step up" into the position of acting driver was a violation of his constitutional equal protection and due process rights.

## II.

The Equal Protection Clause of the Constitution prohibits intentional race discrimination in public employment. *Williams v. Consolidated City of Jacksonville*, 341 F.3d 1261, 1269 (11th Cir. 2003). To establish a prima facie case of racial discrimination, a plaintiff must show that he is a member of a racial minority who was treated differently than "similarly situated non-minority" employees. *Morrison v. Booth*, 763 F.2d 1366, 1371 (11th Cir. 1985). Gibson failed to show that the fire department treated similarly situated non-minority firefighters differently.

Gibson lists several non-African American firefighters who were not AO certified but who were allowed to drive fire trucks after the 2005 policy was implemented. The people cited by Gibson, however, were not similarly situated comparators "in all relevant respects." *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1204 (11th Cir. 2007). They all held a rank above Driver, and therefore had

4

previous experience as full-time Drivers at some point in their careers.[1] Gibson

does not have that professional experience. No one of Gibson's rank was allowed

to drive fire trucks without being AO certified after the 2005 policy was

implemented. Because he fails to show he was treated differently than other

similarly situated non-minority firefighters, Gibson's equal protection claim fails.

## II.

The Constitution's substantive due process protections extend only to

certain fundamental rights so "implicit in the concept of ordered liberty" that "no

amount of process can justify [their] infringement." *McKinney v. Pate*, 20 F.3d

1550, 1556–67 (11th Cir. 1994). "Because employment rights are state-created

rights and are not 'fundamental' rights created by the Constitution, they do not

enjoy substantive due process protection." *Id.* at 1560. Because Gibson bases his

substantive due process claim on an employment decision, the claim fails.

## III.

The Constitution's procedural due process protections guarantee citizens

adequate notice and an opportunity to be heard before the government may wrest

---

[1]Prior to 1995, the department did not require Drivers to be AO certified, and thus the people at issue all held their Driver positions prior to the change in policy. Currently, these people do not drive fire trucks on their regular shifts, but on overtime shifts, when every employee begins with the rank of "acting Firefighter" and then is given the opportunity to step up into vacant positions.

from them life, liberty, or property. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Thus, to establish his procedural due process claim on the facts alleged, Gibson must first demonstrate he had a property interest in the continued role of acting Driver. "Generally, a public employee has a property interest in continued employment if state law or local ordinance in any way limits the power of the appointing body" to end the employment. *Ross v. Clayton County*, 173 F.3d 1305, 1307 (11th Cir. 1999) (quotations omitted).

Both the fire department's Handbook, and the 2005 policy state placement of an employee in an "acting" position is left entirely to the Fire Chief's discretion. The 2005 policy states: "When the position of a superior officer is temporarily vacant, the Chief may, *at his sole discretion*, place an employee in that position for up to five consecutive shifts." (emphasis added). Section 10(d) of the Handbook states: "The Fire Chief may, *at his discretion*, place an employee in a position due to a temporary absence based on the employee's qualifications and placement on the promotional roster." (emphasis added). We conclude Gibson had no property interest in the continuation of his duties as acting Driver, as no policy, ordinance, or other writing created that expectation. Thus, Gibson has failed to establish a procedural due process claim based on any interference with those duties.

In accordance with the reasoning above, we conclude Gibson's claims fail as a matter of law, and affirm the district court's grant of summary judgment in favor of Appellees.

**AFFIRMED.**